## KNOWLEDGE BY A DIRECTOR OF THE TRUTH OF STATEMENTS MADE BY HIM.

Circuit Court of Cuyahoga County.

SAM DEGRAW v. EMMA R. LAMPERT, EXECUTRIX.

Decided, May 8, 1911.

*False Representations in Sale of Stock by Director—Director's Knowledge of Facts—Directing Verdict for Party Holding Burden of Proof.*

1.  In an action for damages for false representations as to the rate of dividends paid on stock which plaintiff was induced to buy of or through a director in the company, it is error to charge that if the jury found defendant to have been a director, knowledge of the truth or falsity of his assertions as to the dividend rate are conclusively imputable to him.
2.  It is error to instruct the jury to find on any point in favor of a party holding the burden of proof as to such point, unless the same is admitted by the opposing party in such wise as to dispense with proof, or unless the law attaches to such evidence as is produced the quality of being conclusive proof.

*M. B. & H. H. Johnson,* for plaintiff in error.
*Ford, Snyder & Tilden,* contra.

HENRY, J.; JONES, J., and DUSTIN, J. (sitting in places of Judges Winch and Marvin), concur.

The action below was begun by the decedent, Joseph R. Lampert, in his lifetime to recover damages for fraudulent representations alleged to have been made to him by the plaintiff in error about the rate of dividends that had been and was being paid upon certain shares of stock which Lampert subscribed for or purchased in an oil company whereof plaintiff in error was a director. Many errors are alleged, but we deem it necessary to mention but two, remarking merely that we regard the others unfounded.

The court charged that if the jury found plaintiff in error to have been a director, knowledge of the truth or falsity of the assertions made by him in regard to the dividend rate was conclusively imputable to him. This is defended upon the theory that a declaration of dividends is a function of the board of directors of a corporation exclusively, and therefore, the subject being peculiarly within their knowledge, directors must be conclusively held to have knowledge of the facts. Against this contention is cited the case of *Mason* v. *Moore et al,* 73 Ohio St., 275, wherein it is held that, "The directors of a bank are not held as a matter of law to know all its affairs or what its books or papers would show, and such knowledge can not be imputed to them for the purpose of charging them with liability." A majority of the court think the case at bar is within the principle of this rule. So far as third persons are concerned a director is under no duty to know or ascertain the facts concerning the business transacted by the board of which he is a member. And it often happens that he is in fact ignorant of transactions which it was his province to have participated in with the other directors. It must be borne in mind that for the purpose of examining the correctness of this part of the charge, we, are concerned not with what the plaintiff should have known, nor yet with what he actually knew, but simply with what he knew

by conclusive presumption or imputation in virtue of his office, and we hold that the charge as given was erroneous.

The charge is further complained of in that it directed the jury, in case they found for the plaintiff, to assess his damages at the full amount paid for the stock, with interest.    This instruction is sought to be justified upon the ground that it was conceded that the corporation which issued the stock had been dissolved and that the stock was therefore worthless.    But a corporation may be dissolved without its stock becoming valueless.    Whether there were or were not assets of this corporation distributable among or recoverable by its stockholders does not distinctly appear; but whatever the facts, it was incumbent upon the plaintiff to prove his damages.    It is immaterial, therefore, whether plaintiff offered some or no evidence on the subject of his damages in support of the burden which thus rested upon him to prove the same.    For it is elementary that a court can not instruct the jury to find on any point in favor of a party holding the burden of proof as to such point, unless the same is admitted by the opposing party in such wise as to dispense with proof, or unless the law attaches to such evidence as is produced the quality of being conclusive proof.    Generally speaking a verdict can not be directed either wholly or in part in favor of the party chargeable with the burden of proof.    We hold, therefore, that it was erroneous, upon the state of the evidence in this case, for the court to charge the jury unconditionally to assess damages in any specific sum, in case they found for the plaintiff.

For these two errors in the charge, to-wit, that a director is conclusively presumed to know what his corporation paid or is paying by way of dividends, and that the measure of damages was in the sum stated by the court, the judgment is reversed and the cause remanded.